FILED
2010 Sep-10 PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| MONTE ALAN PRINCE, | ) |
| Petitioner | ) |
| v. | ) Case No. 3:10-cv-02014-JHH-HGD |
| RICHARD ALLEN, Commissioner, DAVID WISE, Warden, and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents | ) |

## MEMORANDUM OPINION

On August 13, 2010, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On August 27, 2010, petitioner filed objections to the magistrate judge's report and recommendation.

In his objections, petitioner seeks to invoke equitable tolling. He argues that had his appellate counsel filed for rehearing and a petition for writ of certiorari, his federal habeas corpus petition would have been timely. It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to

prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Secretary for the Dep't of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001). Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").

While it may be true that counsel on direct appeal should have or could have filed for rehearing and a petition for writ of certiorari, that is no more than "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, 111 S.Ct. at 457-58, which does not satisfy the standard in *Holland v. Florida*, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Petitioner has not shown that he actively pursued his attorney to provide information and file for rehearing and certiorari. Further, petitioner has not addressed

the delay of over ten months after the conclusion of the Rule 32 proceedings before he filed the instant federal habeas corpus petition, while represented by the same counsel.

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the ___10th___ day of September, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE